## Harper, et al. v. Flatt.

(Decided November 12, 1913).

### Appeal from Hickman Circuit Court.

Insurance, Life—Evidence.—The claim that the policy of insurance involved was made payable to appellee in trust for the benefit of the insured's creditors is not sustained by the evidence.

BENNETT, ROBBINS & THOMAS for appellants.

R. B. FLATT, R. L. SMITH for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellants, creditors of W. O. Flatt, deceased, seeking to have it adjudged that appellee, Frank P. Flatt, was trustee of a fund of $1,000, growing out of a policy of insurance on the life of W. O. Flatt.

The allegation is that William O. Flatt in his lifetime took out a policy of insurance in the Woodmen of the World, a fraternal insurance company, naming Frank P. Flatt as beneficiary therein, with the agreement and understanding in advance that Frank P. Flatt should use the proceeds of the policy as far as it might be necessary, in the payment of William O. Flatt's debts.

An answer was filed by appellee denying the existence of any trust, or that any such agreement or understanding was made, and the court upon the hearing dismissed the petition of the plaintiffs, and they appeal.

The facts disclosed in the evidence are that appellee was a younger brother of William O. Flatt, and that they were both bachelors and lived together; that William O. Flatt was a strong, vigorous, healthy man, and that appellee, the younger brother, was a cripple and incapable of hard manual labor; that at the time the policy of insurance involved was taken out appellee also took out a policy in the same institution on his own life for a like sum, made payable to his brother; that at the time William O. Flatt was prosperous and not seriously involved in debt, but subsequently became so involved, and died insolvent.

After this policy of insurance was taken out by William O. Flatt, and after he had become somewhat involved in debt, he did take out a policy of insurance for $1,000, in an old line company, payable to his estate.

The plaintiffs' evidence is by some three or four witnesses that both William O. Flatt and appellee had said at various times that while appellee was the beneficiary named in the policy for $1,000 that in fact the policy was for the benefit of the creditors of William O. Flatt, and that appellee was obligated to so appropriate the money.

On the other hand the evidence for the appellee is that no such trust or arrangement ever existed, and it is testified by some fifteen or eighteen witnesses that Willian O. Flatt had frequently said that he took out this policy for the sole benefit of his crippled brother in order that he might to that extent be protected in case anything happened to him.

But the most convincing evidence is that of the secretary of the local lodge of Woodman, who testified that after the marriage of William O. Flatt, which took place a short time before his death, under the rules of the organization, it became his (the secretary's) duty to ask William O. Flatt if he desired the beneficiary in his policy changed; that he did so inquire of William O. Flatt, who said to him that the policy was taken out for the benefit of his brother, and that he did not desire it changed.

It is inconceivable that a newly married man who did not want the beneficiary in a policy of insurance changed so as that it might be, for the benefit of his wife, could have had any other idea under the circumstances of this case than that it was intended to protect his brother. It is altogether probable that the policy of insurance, which the plaintiffs' witnesses heard William O. Flatt refer to as being for the benefit of the creditors, was the policy which was made payable to his estate. The whole evidence is convincing that the $1,000 policy so taken out in the Woodmen of the World was always intended for the benefit of his brother.

The Chancellor below took this view, and his judgment is affirmed.